DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Larry Buchanan, appeals the decision of the Summit County Court of Common Pleas, which denied his "Motion to issue a subpoena duces tecum for exculpatory evidence and new trial." This Court affirms.
 I. {¶ 2} On April 24, 1990, appellant was convicted after jury trial of rape and kidnapping. The trial court found appellant subject to sentence enhancement provisions due to a prior robbery conviction and sentenced him to 12 to 25 years incarceration for his rape and kidnapping convictions. Appellant appealed his convictions and this Court affirmed them in State v. Buchanan
(Feb. 13, 1991), 9th Dist. No. 14779.
 {¶ 3} Appellant, through counsel, filed a motion for a new trial and further discovery on May 4, 1990, and the trial court overruled that motion on August 24, 1990. Appellant also filed a motion for summary judgment, which the trial court denied on January 20, 1994, and a petition for post-conviction relief, which the trial court denied on October 18, 1996. Appellant appealed the denial of his petition for post-conviction relief and this Court affirmed the denial in State v. Buchanan (Aug. 20, 1997), 9th Dist. No. 18187. The trial court later adjudicated appellant a sexually-oriented offender, he appealed that adjudication, and this Court affirmed the trial court's determination in State v. Buchanan (June 16, 1999), 9th Dist. No. 19005.
 {¶ 4} On January 8, 2003, appellant filed a "Motion to issue a subpoena duces tecum for exculpatory evidence and new trial" and the State responded. In February of 2003, appellant filed both a motion to strike the State's memorandum in opposition and a sworn affidavit. In July of 2003, appellant filed a motion for judgment on the pleadings. On July 29, 2003, the trial court summarily denied appellant's motions.
 {¶ 5} Appellant timely appealed the denial of his "Motion to issue a subpoena duces tecum for exculpatory evidence and new trial", setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court abused its discretion by failing to issue a subpoena duces tecum for exculpatory evidence, conduct an evidentiary hearing, and thereby denied defendant-appellant a new trial in violation of the sixth and fourteenth amendments to the U.S. constitution."
 {¶ 6} In his sole assignment of error, appellant argues the trial court abused its discretion by denying his January 8, 2003 motion for a new trial and issuance of a subpoena to Akron City Hospital to release medical and psychological records of appellant's rape and kidnapping victim to him. Appellant asserts the victim's hospital records constitute exculpatory evidence that the State had not disclosed to him during his 1990 jury trial. Appellant's arguments are not well taken.
 {¶ 7} As a preliminary matter, this Court notes that appellant's January 8, 2003 motion for a new trial was filed almost 13 years after his conviction and sentencing in April of 1990. Appellant's motion stated he should receive a new trial on the grounds of prosecutorial misconduct pursuant to Crim.R. 33(A)(2). Crim. R. 33(B) provides the timeframe in which a party must file a motion for a new trial and states, in relevant part:
"Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the Court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."
 {¶ 8} In the instant case, the record demonstrates that the trial court did not issue an order as required under Crim.R. 33(B) finding appellant was "unavoidably prevented" from filing his motion for a new trial in a timely fashion. Nor did appellant even request leave to file a motion for new trial. Instead, the trial court denied appellant's various motions, including his motion for a new trial, in its July 29, 2003 judgment entry. Given the record in this case, this Court finds that appellant's January 8, 2003 motion for a new trial was not timely filed in accordance with Crim.R. 33(B) and the trial court did not issue any order extending the time period under the rule for appellant. It is well established that belated motions for a new trial filed without leave of court may be denied as nullities. See State v.Charlton (Sept. 1, 1999), 9th Dist. No. 98CA007121; State v.Acevedo (Apr. 24, 1991), 9th Dist. Nos. 90CA004843 and 90CA004844; State v. Kiraly (1977), 56 Ohio App.2d 37, 52. Since he was not entitled to a new trial, appellant was also not entitled to discovery with regard to the same. Consequently, the trial court correctly denied appellant's motion for a subpoena duces tecum.
 {¶ 9} In light of the facts that appellant filed his January 8, 2003 motion for a new trial almost 13 years after his 1990 conviction without leave of court, and the trial court did not abuse its discretion in denying his motion for a new trial, appellant does not have a right to post-conviction discovery. Appellant's sole assignment of error is overruled.
 III. {¶ 10} Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J. and Batchedler, J. concur.